GEOFFREY GRABER (SBN 211547)
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Ave. NW, Fifth Floor
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699
ggraber@cohenmilstein.com

ERIC KAFKA (pro hac vice)
**COHEN MILSTEIN SELLERS & TOLL PLLC**
88 Pine Street, 14th Floor
New York, NY 10005
Telephone: (212) 838-7797
Facsimile: (212) 838-7745
ekafka@cohenmilstein.com

JOSEPH P. BRENT (SBN 214459)
MICHAEL KIPP MUELLER (SBN 299984)
**BRENT & FIOL, LLP**
117 E. Colorado Blvd, Suite 465
Pasadena, CA 91105
Telephone: (626) 240-4850
Facsimile: (415) 373-4420
jbrent@brentfiol.com
kmueller@brentfiol.com

*Attorneys for Plaintiffs and the Proposed Class*

# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| DOE, individually and on behalf of others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>META PLATFORMS, INC.<br><br>　　　　　Defendant.<br><br>*Related actions:*<br><br>*John Doe v. Meta Platforms, Inc.*, 3:22-cv-03580-WHO<br><br>*Jane Doe v. Meta Platforms, Inc., et. al.*, 3:22-cv-04293-WHO | Case No. 3:22-cv-04680-WHO<br><br>**NOTICE OF MOTION AND MOTION TO CONSOLIDATE**<br><br>Date: October 5, 2022<br>Time: 2:00 p.m.<br>Judge: The Hon. William H. Orrick<br>Courtroom: 2 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on October 5, 2022, at 2:00 PM, or as soon thereafter as the matter may be heard, before the Honorable William H. Orrick, District Judge of the United States District Court for the Northern District of California, in Courtroom 2, San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, California, 94102, Plaintiff Doe, individually and on behalf of all others similarly situated, will, and hereby does, move this Court for entry of an order: (a) consolidating the three related above-captioned class action lawsuits pending before U.S. District Judge William H. Orrick pursuant to Rule 42(a) of the Federal Rules of Civil Procedure; and (b) requiring that Plaintiffs, by and through their respective counsel, shall brief the issue of appointment of interim class counsel pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, with opening briefs due seven (7) days from entry of an order consolidating the actions, or at such other time that the Court deems appropriate.

This motion is made on the grounds that the three cases involve common questions of law and fact arising from the same circumstances and allegations regarding the Meta Pixel intercepting communications between patients and their healthcare providers, and thus should be consolidated before this Court. This motion is based on this Notice of Motion; the accompanying Memorandum of Points and Authorities; the Proposed Order; all pleadings and papers filed herein; the arguments of counsel; and any other matters in the record or that properly come before the Court.

Dated: August 30, 2022                                 Respectfully submitted,

                                                       By: */s/ Geoffrey Graber*

                                                       GEOFFREY GRABER (SBN 211547)
                                                       **COHEN MILSTEIN SELLERS & TOLL PLLC**
                                                       1100 New York Ave. NW, Fifth Floor
                                                       Washington, DC 20005
                                                       Telephone: (202) 408-4600
                                                       Facsimile: (202) 408-4699
                                                       ggraber@cohenmilstein.com

                                                       *Attorney for Plaintiff and the Putative Class*

## **TABLE OF CONTENTS**

**INTRODUCTION** ........................................................................................................................ 4

**BACKGROUND** ........................................................................................................................ 6

**ARGUMENT** ............................................................................................................................. 8

    **I.**    **The Actions Should Be Consolidated for All Purposes.** ............................................. 8

    **II.**   **If the Actions Are Consolidated, the Court Should Set an Appropriate Briefing Schedule for Appointment of Interim Lead Counsel** ...................................................... 9

**CONCLUSION** ........................................................................................................................ 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ali v. Intel Corp.*,
   No. 18-CV-00507-YGR, 2018 WL 2412111 (N.D. Cal. May 29, 2018)...............................9

*Brown v. Accellion, Inc.*,
   No. 5:21-CV-01155-EJD, 2022 WL 767279 (N.D. Cal. Mar. 14, 2022)...............................9

*Gallagher v. Bayer AG*,
   2015 WL 4932292 (N.D. Cal. 2015) (Orrick, J.).................................................................10

*In re Google Assistant Priv. Litig.*,
   No. 19-CV-04286-BLF, 2020 WL 7342713 (N.D. Cal. Dec. 14, 2020)............................9, 10

*Investors Research Co. v. U.S. Dist. Court for Cent. Dist. of Cal.*,
   877 F.2d 777 (9th Cir. 1989) ...............................................................................................8

*Kamakahi v. Am. Soc. for Reprod. Med.*,
   No. C 11-01781......................................................................................................................8, 9

*Vincent v. Hughes Air W., Inc.*,
   557 F.2d 759 (9th Cir. 1977) ...............................................................................................8

**Other Authorities**

Fed. R. Civ. P. 42(a)(2) ............................................................................................... *passim*

Federal Rules of Civil Procedure Rule 23(g)(2) ................................................................ *passim*

3
NOTICE OF MOTION AND MOTION TO CONSOLIDATE
Case No. 3:22-cv-04680

## INTRODUCTION

Now pending before this Court are three closely related lawsuits. Each is a proposed class action. All are brought against Meta Platforms. And all allege that Meta used a tracking pixel to intercept sensitive health information and other personal identifying information of putative class members, Facebook users across the United States, while they communicated with their healthcare providers. All three seek compensatory, punitive, and statutory damages. And all three remain at the pleading stage and were assigned to this Court within the last 45 days.

Plaintiff in one of the three cases now asks the Court to consolidate all three cases into a single action, and to set a schedule for Rule 23(g) briefing so the Court can appoint interim counsel best suited to prosecute the consolidated action. Consolidating the actions will greatly reduce the need for duplicative motion practice (whether on the pleadings, class certification, or summary judgment and *Daubert* motions). Consolidation will also allow for more streamlined discovery as well as the retention of just one set of consultants and experts on behalf of proposed class members, rather than a separate team of experts in each case. Put simply, consolidating the cases will reduce the demand on judicial resources, eliminate the prospects for conflicting rulings, and streamline the litigation.

The three related suits pending before the Court are:

| Case Name | Case No. |
|---|---|
| *John Doe v. Meta Platforms, Inc.* | 3:22-cv-03580-WHO |
| *Jane Doe v. Meta Platforms, Inc., et. al.* | 3:22-cv-04293-WHO |
| *Doe v. Meta Platforms, Inc.* | 3:22-cv-04680-WHO |

All three lawsuits are proposed class actions that allege that Defendant Meta Platforms, Inc., f/k/a, Facebook, Inc. has used a tracking pixel—known as the Meta Pixel—to intercept sensitive health information about Facebook users when they are online. *See John Doe v. Meta Platforms, Inc.*, No. 3:22-cv-03580 (N.D. Cal. 2022), ECF No. 22 at 1 ("*John Doe*"); Jane *Doe v. Meta Platforms, Inc.*, No. 3:22-cv-04293 (N.D. Cal. 2022), ECF No. 1 at 2 ("*Jane Doe*"); *Doe v. Meta Platforms, Inc.*, No. 3:22-cv-04680 (N.D. Cal. 2022), ECF No. 1 at 1 ("*Doe*"). The three class actions allege that Facebook intercepts personal information, including private health information of United States Facebook users

when they communicate with healthcare provider websites. *See John Doe* at 1-5; *Jane Doe* at 2-4; *Doe* at 1-2. All three cases allege that Facebook fails to obtain the necessary authorizations required by the Health Insurance Portability and Accountability Act ("HIPAA") before obtaining this private health information, violating class members' privacy interests and financially benefiting itself to the detriment of the proposed classes. *See John Doe* at 1-5; *Jane Doe* at 2-4; *Doe* at 1-2.

The three actions are thus based on similar facts and are all brought against an overlapping defendant, Meta Platforms, Inc. *See John Doe* at 6; *Jane Doe* at 5; *Doe* at 2. The actions seek to represent substantially similar classes of people, for substantially similar claims, and seek substantially similar relief. *See John Doe* at i, 20, 35; *Jane Doe* at 3, 29, 33-56; *Doe* at i, 12, 31-32. As discussed further below, the three actions are substantially similar such that consolidation will promote efficiency, reduce the risk of inconsistent treatment, and reduce costs. Indeed, in correspondence with the plaintiffs' counsel, Meta acknowledged that these three cases "involve many overlapping—if not identical—claims and issues." Declaration of Geoffrey Graber ("Graber Decl."); Ex. A to the Graber Decl.

Consolidation under Rule 42(a) is made for situations like this. The same essential case need not be litigated repeatedly and separately. Meta has already stated that it will move to dismiss in each action, raising mostly the same legal issues, and based on substantially similar factual allegations. *Id.* Consolidation will save the Court from having to resolve multiple motions on the same subject matter, conserve judicial resources, and avoid duplication of efforts, along with eliminating the risk of inconsistent outcomes. Adopting a reasonable schedule for the determination of interim class counsel will also ease the burdens on the Court and reduce duplicative efforts by competing class counsel. Rule 23(g)(2)(A) authorizes the Court to designate interim counsel to act on behalf of the putative class before the Court enters its decision on certification. Plaintiff Doe proposes an orderly schedule so that counsel interested in leading the litigation can submit their applications to the Court for consideration.

Counsel for Doe hereby moves this Court for an order: (a) consolidating the actions pursuant to Rule 42(a) of the Federal Rules of Civil Procedure; and (b) adopting the proposed briefing schedule, to begin following consolidation, to appoint interim class counsel pursuant to Rule 23(g)(2) of the Federal Rules of Civil Procedure.

## BACKGROUND

Defendant is the world's largest social media company. *See Doe* at 1; *John Doe* at 12; *Jane Doe* at 7 n.8. The company has drawn widespread criticism in the past for its large-scale data collection practices. *See Doe* at 1; *Jane Doe* at 26-27.

In these related cases, Plaintiffs allege that Defendant has been using a tracking pixel—the Meta Pixel—to track Facebook users even when they are not using Defendant's Facebook platform. *See John Doe* at 1; *Jane Doe* at 2; *Doe* at 1. This pixel tracks actions that Facebook users take on websites that have installed the Meta Pixel, and it sends the information back to Defendant. *See John Doe* at 1; *Jane Doe* at 2; *Doe* at 1.

The Plaintiffs each allege, on behalf of themselves and others similarly situated, that Defendant uses the Meta Pixel to intercept communications between patients and their healthcare providers, including sensitive health information, details regarding medical appointments, prescriptions, and other personal identifying information. *See John Doe* at 1-4; *Jane Doe* at 2-4; *Doe* at 1-2.

Each of the related cases similarly alleges that Defendant failed to require hospitals and healthcare providers to obtain the patient authorizations required by HIPAA, and violated the privacy of its users—and that Defendant has financially benefited from doing so. *See Doe* 3580 at 4-5, 21; *Doe* 4293 at 17-20, 40-41, 52-56; *Doe* 4680 at 2, 8, 15-17, 28, 30-31. Each also alleges that these activities continued despite the fact that Defendant knew, or reasonably should have known, that the Meta Pixel was intercepting sensitive health information from its users. *See John Doe* at 4; *Jane Doe* at 4; *Doe* at 28-29. Plaintiffs each used healthcare provider websites that included the Meta Pixel in order to communicate with their healthcare providers, and accordingly, alleges that their sensitive health information and other personal identifying information was intercepted by Defendant. *See John Doe* at 1-4; *Jane Doe* at 3-4; *Doe* at 11-12.

The Plaintiffs, on behalf of themselves and all others similarly situated, all bring claims under California common law and both California and Federal statutory law, and the overlapping claims against Meta at issue in these actions are reflected below. *See John Doe* at i, 20; *Jane Doe* at 3, 29, 33-56; *Doe* at i, 12.

| Claim | *John Doe*, 3:22-cv-03580 | *Jane Doe*, 3:22-cv-04293 | *Doe*, 3:22-cv-04680 |
|---|---|---|---|
| Breach of Contract | X |  | X |
| Breach of Implied Covenant of Good Faith & Fair Dealing | X |  | X |
| California Constitutional Invasion of Privacy | X | X | X |
| Intrusion Upon Seclusion – California Common Law |  | X | X |
| Violation of the California Invasion of Privacy Act | X | X | X |
| Violation of the Federal Wiretap Act | X | X | X |
| Violation of the Comprehensive Computer Access and Fraud Act |  | X | X |
| Violation of California Unfair Competition Law | X | X | X |
| Unjust Enrichment |  | X | X |
| Negligent Misrepresentation | X |  |  |
| Trespass | X |  |  |
| Aiding and Abetting Violation of California Confidentiality of Medical Information Act |  | X |  |

Each action alleges that California law applies to the proposed class based on Facebook's Terms of Service, which include a choice of law provision. *See John Doe* at 6; *Jane Doe* at 32; *Doe* at 15.

The three actions are brought against an overlapping defendant, Meta Platforms, Inc. *See John Doe* at 7; *Jane Doe* at 5; *Doe* at 2. One of the three actions also names two San Francisco-based

healthcare providers (UCSF Medical Center and Dignity Health Medical Foundation) as defendants. *See Jane Doe* at 5. Likewise, the actions seek to represent substantially similar classes of people (persons who submitted information to health care providers online and had that information wrongfully collected by the Meta Pixel) for substantially similar claims (invasion of privacy, violation of California's Unfair Competition Law, and violations of California and federal privacy and communications laws). *See John Doe* at i, 20; *Jane Doe* at 3, 29, 33-56; *Doe* at i, 12. And the three cases seek substantially similar relief (compensatory damages, statutory damages, punitive damages, pre-judgment and post-judgment interest, and fees and costs on behalf of the putative classes). *See John Doe* at 35; *Jane Doe* at 56; *Doe* at 31-32. Two of the three further seek declaratory relief and injunctive relief. *See Jane Doe* at 56; *Doe* at 31-32.

On August 15, 2022, pursuant to Local Rule 3-12, the Court ordered the first two filed cases to be related to one another. *See Jane Doe*, ECF 30. And on August 23, 2022, the Court ordered that the most recently filed case also be deemed related to the other two. *See Doe*, ECF 13. The Court has also set the initial case management conference for all three actions for September 20, 2022. *See John Doe*, ECF 27; *Jane Doe* at ECF 32; *Doe* at ECF 15.

## ARGUMENT

### I. The Actions Should Be Consolidated for All Purposes.

Consolidation pursuant to Rule 42(a) is proper when actions involve common questions of law and fact. *See* Fed. R. Civ. P. 42(a)(2). The Court has "broad discretion" under this Rule to consolidate cases pending in the same district. *Investors Research Co. v. U.S. Dist. Court for Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989).

Proposed class actions are particularly well-suited for consolidation because unifying the cases conserves judicial resources, promotes judicial efficiency, expedites pretrial proceedings, reduces case duplication, avoids the need to contact parties and witnesses for multiple proceedings, and minimizes the expenditure of time and money for all parties involved. *See Vincent v. Hughes Air W., Inc.*, 557 F.2d 759, 773-774 (9th Cir. 1977); *Kamakahi v. Am. Soc. for Reprod. Med.*, No. C 11-01781 SBA, 2012 WL 892163, at *2 (N.D. Cal. Mar. 14, 2012). Consolidating class action suits simplifies pretrial and discovery motions, class certification and management issues, and clerical and administrative

1  duties, easing the burden on the Court and the parties. *See Kamakahi*, 2012 WL 892163, at *2.

2  Consolidation also reduces the risk of confusion and delay that may result from prosecuting
3  related putative class actions separately. Courts frequently consolidate proposed class actions even
4  where there are differences in class periods, parties, legal claims, or damages, so long as the essential
5  claims and factual allegations are similar. *See Ali v. Intel Corp.*, No. 18-CV-00507-YGR, 2018 WL
6  2412111, at *2 & n.4 (N.D. Cal. May 29, 2018) (collecting cases).

7  Here, each action pending before this Court is brought by Facebook users who allege that their
8  sensitive health information and personal identifying information was improperly intercepted by the
9  Meta Pixel while they communicated with their healthcare providers. And each action seeks
10 compensatory damages, statutory damages, and punitive damages for precisely this conduct. *See John*
11 *Doe* at 35; *Jane Doe* at 56; *Doe* at 31-32. This core nucleus of operative facts warrants consolidation of
12 the related cases for further proceedings.

13 The cases generally allege claims under California consumer protection laws, privacy laws, and
14 common law, along with certain federal statutes. Absent consolidation, this Court would face
15 overlapping class actions and overlapping class certification motions arising out of the same operative
16 facts. Consolidation into a single proceeding would therefore conserve judicial resources, promote
17 judicial efficiency, avoid the risk of inconsistent rulings, and provide an efficient mechanism for
18 managing any newly related cases.

19 Where, as here, actions involve common questions of law or fact, consolidation is appropriate.
20 Fed. R. Civ. P. 42(a). Given the substantial overlap on the factual and legal issues presented, these
21 actions should be consolidated.

22 **II.    If the Actions Are Consolidated, the Court Should Set an Appropriate Briefing
23         Schedule for Appointment of Interim Lead Counsel**

24 Courts commonly appoint interim class counsel under Rule 23(g) upon consolidating class
25 actions, or set a schedule for prompt consideration of competing class counsel. *See, e.g.*, *Brown v.*
26 *Accellion, Inc.*, No. 5:21-CV-01155-EJD, 2022 WL 767279, at *1 (N.D. Cal. Mar. 14, 2022). "The
27 appointment of interim class counsel is discretionary and is particularly suited to complex actions[.]" *In*
28 *re Google Assistant Priv. Litig.*, No. 19-CV-04286-BLF, 2020 WL 7342713, at *1 (N.D. Cal. Dec. 14,

2020).

Here, there are three related actions pending before this Court, which are the subject of this Motion for Consolidation. *See John Doe*; *Jane Doe*; *Doe*. Other cases raising substantially similar claims based on substantially similar allegations are pending in districts across the country. *See, e.g.*, *Smidga v. Meta Platforms, Inc.*, No. 2:22-cv-01231-MPK (W.D. Pa. 2022); *Allen v. Novant Health, Inc.*, No. 1:22-cv-00709-CCE-JEP (M.D.N.C. 2022); *Krackenberger v. Northwestern Memorial Hospital et al.*, No. 1:22-cv-04203 (N.D. Ill. 2022). A complex case with multiple pending actions across the country, where some or all of those suits may be consolidated, is well-suited to a prompt determination of interim class counsel. *See In re Google Assistant Priv. Litig.*, 2020 WL 7342713, at *1. Appointment of interim lead counsel "is necessary to protect the interests of class members" where "overlapping, duplicative, or competing class suits are pending before a court." *Gallagher v. Bayer AG*, 2015 WL 4932292 (N.D. Cal. 2015) (Orrick, J.) (quoting *Paraggua v. LinkenIn Corp.*, 2012 WL 3763889 (N.D. Cal. 2012). In light of these circumstances, Plaintiffs believe that the Court should adopt a briefing schedule whereby competing counsel may put forward their applications for consideration as interim class counsel seven (7) days following the entry of an order consolidating these actions, or at such other time as the Court deems appropriate.

## CONCLUSION

In the interests of judicial economy and for the reasons set forth above, Plaintiff respectfully requests that the Court: (a) order consolidation of the three *Doe v. Meta Platforms, Inc.* putative class actions pursuant to Rule 42(a) of the Federal Rules of Civil Procedure; and (b) adopt the proposed briefing schedule to appoint interim class counsel pursuant to Rule 23(g)(2) of the Federal Rules of Civil Procedure.

Dated: August 30, 2022

Respectfully submitted,

By: */s/ Geoffrey Graber*

GEOFFREY GRABER (SBN 211547)
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Ave. NW, Fifth Floor
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699
ggraber@cohenmilstein.com

|   |   |
|---|---|
| 1 | ERIC KAFKA (pro hac vice) |
| 2 | **COHEN MILSTEIN SELLERS & TOLL PLLC**<br>88 Pine Street, 14th Floor |
| 3 | New York, NY 10005<br>Telephone: (212) 838-7797 |
| 4 | Facsimile: (212) 838-7745<br>ekafka@cohenmilstein.com |
| 5 | |
| 6 | JOSEPH P. BRENT (SBN 214459)<br>**MICHAEL KIPP MUELLER (SBN 299984)** |
| 7 | **BRENT & FIOL, LLP**<br>117 E. Colorado Blvd, Suite 465 |
| 8 | Pasadena, CA 91105<br>Telephone: (626) 240-4850 |
| 9 | Facsimile: (415) 373-4420<br>jbrent@brentfiol.com |
| 10 | kmueller@brentfiol.com |
| 11 | *Attorneys for Plaintiff and the Putative Class* |

# PROOF OF SERVICE

I am employed in Washington D.C. and I am over the age of 18 years and not a party to this action. My business address is Cohen Milstein Sellers & Toll PLLC, 1100 New York Ave NW Fifth Floor, Washington, DC 20005.

On **August 30, 2022**, I served the following document described as:

## NOTICE OF MOTION AND MOTION TO CONSOLIDATE

by serving a true copy of the above-described document in the following manner:

## VIA ELECTRONIC FILING

The above-described document was transmitted via electronic filing to all attorneys of record:

Michael Kipp Mueller
Brent & Fiol, LLP
117 E. Colorado Blvd., Suite 465
Pasadena, CA 91105
626-240-4850
Fax: 415-373-4420
Email: kmueller@brentfiol.com
ATTORNEY TO BE NOTICED

Eric Alfred Kafka
Cohen Milstein Sellers Toll PLLC
88 Pine Street, 14th Floor
New York, NY 10005
(212) 838-7797
Fax: (212) 838-7745
Email: ekafka@cohenmilstein.com
ATTORNEY TO BE NOTICED

Geoffrey Aaron Graber
Cohen Milstein Sellers & Toll PLLC
1100 New York Avenue NW
Suite 500, West Tower
Washington, DC 20005
202-408-4600
Fax: 202-408-4699
Email: ggraber@cohenmilstein.com
ATTORNEY TO BE NOTICED

Joseph P. Brent
Brent & Fiol, LLP
117 E. Colorado Blvd., Suite 465
Pasadena, CA 91105
(626) 240-4850
Fax: (415) 373-4420
Email: jbrent@brentfiol.com
ATTORNEY TO BE NOTICED

Abigail Augus Barrera
Gibson, Dunn & Crutcher LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105
(415) 393-8200
Email: abarrera@gibsondunn.com
*ATTORNEY TO BE NOTICED*

Michael Graham Rhodes
Cooley LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
415-693-2000
Fax: 415-693-2222
Email: rhodesmg@cooley.com
*ATTORNEY TO BE NOTICED*

Lauren R Goldman
Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, NY 10166-0193
212-351-4000
Email: LGoldman@gibsondunn.com
*ATTORNEY TO BE NOTICED*

Trenton James Van Oss
Gibson, Dunn & Crutcher LLP
2543 13th Street, NW #2
Washington, DC 20009
202-887-3716
Email: tvanoss@gibsondunn.com
*ATTORNEY TO BE NOTICED*

|   |   |
|---|---|
| 1 | Additionally, a copy of the foregoing was served via email at the addresses below: |

Jeffrey Alan Koncius
Kiesel Law LLP
8648 Wilshire Boulevard
Beverly Hills, CA 90211
(310) 854-4444
Fax: (310) 854-0812
Email: koncius@kiesel.law

Amy Collignon Gunn
The Simon Law Firm, P. C.
800 Market Street, Suite 1700
St. Louis, MO 63101
314-241-2929
Fax: 314-241-2029
Email: agunn@simonlawpc.com

An V. Truong
Simmons Hanly Conroy LLC
112 Madison Avenue, 7th Floor
New York, NY 10016
212-784-6400
Fax: 212-213-5949
Email: atruong@simmonsfirm.com

Beth E. Terrell
Terrell Marshall Law Group PLLC
936 North 34th Street, Suite 300
Seattle, WA 98103-8869
(206) 816-6603
Fax: (206) 319-5450
Email: bterrell@terrellmarshall.com

Elizabeth S. Lenivy
The Simon Law Firm, P. C.
800 Market Street, Suite 1700
St. Louis, MO 63101
314-241-2929
Fax: 314-241-2029
Email: elenivy@simonlawpc.com

Eric Steven Johnson
Simmons Hanly Conroy LLC
112 Madison Avenue, 7th Floor
New York, NY 10016
(212) 784-6400
Fax: (212) 213-5949
Email: ejohnson@simmonsfirm.com

Carol C. Villegas
Labaton Sucharow LLP
140 Broadway
New York, NY 10005
212-907-0700
Email: cvillegas@labaton.com

Christian Levis
Lowey Dannenberg, P.C.
44 South Broadway, Suite 1100
White Plains, NY 10601
(914) 997-0500
Fax: (914) 997-0035
Email: clevis@lowey.com

Frank H. Busch
Wagstaffe, Von Loewenfeldt, Busch & Radwick LLP
100 Pine Street, Suite 2250
San Francisco, CA 94111
(415) 357-8900
Fax: (415) 357-8910
Email: busch@wvbrlaw.com

Michael P. Canty
Labaton Sucharow LLP
140 Broadway
New York, NY 10005
(212) 907-0863
Fax: (212) 818-0477
Email: mcanty@labaton.com

Amanda Grace Fiorilla
Lowey Dannenberg, P.C.
44 South Broadway, Suite 1100
White Plains, NY 10601
914-733-7266
Email: afiorilla@lowey.com

James M. Wagstaffe
Wagstaffe, von Loewenfeldt, Busch & Radwick LLP
100 Pine Street, Suite 2250
San Francisco, CA 94111
415-371-8500
Fax: 415-371-0500
Email: wagstaffe@kerrwagstaffe.com

| | |
|---|---|
| Jay Barnes<br>Simmons Hanly Conroy LLC<br>112 Madison Avenye, 7th Floor<br>New York, NY 10016<br>(212) 784-6400<br>Fax: (212) 213-5949<br>Email: jaybarnes@simmonsfirm.com | Melissa H. Nafash<br>Labaton Sucharow LLP<br>140 Broadway<br>New York, NY 10005<br>212-907-0700<br>Fax: 212-883-7061<br>Email: mnafash@labaton.com |
| Jennifer M Paulson<br>Simmons Hanly Conroy<br>One Court Street<br>Alton, IL 62002<br>618-259-6231<br>Fax: 618-259-2251<br>Email: jpaulson@simmonsfirm.com | Rachel Isabel Kesten<br>Lowey Dannenberg, P.C.<br>44 South Broadway<br>Suite 1100<br>White Plains, NY 10601<br>914-733-7279<br>Email: rkesten@lowey.com |

Nicole Ramirez
Kiesel Law LLP
8648 Wilshire Boulevard
Beverly Hills, CA 90211
310-854-4444
Fax: 310-854-0812
Email: ramirez@kiesel.law

Paul R. Kiesel
Kiesel Law LLP
8648 Wilshire Boulevard
Beverly Hils, CA 90211-2910
(310) 854-4444
Fax: (310) 854-0812
Email: kiesel@kiesel.law

Stephen M. Gorny
Gorny Dandurand, LC
4330 Belleview Avenue, Suite 200
Kansas City, MO 64111
816-756-5071
Fax: 816-756-5067
Email: steve@gornylawfirm.com

I declare that I am employed in the office of, a member of the Bar of, or permitted to practice before, this Court at whose direction the service was made and declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **August 30, 2022**.                    Respectfully submitted,

*/s/ Geoffrey Aaron Graber*