HOLLAND & KNIGHT LLP
Mark S. Melodia (*admitted pro hac vice*)
mark.melodia@hklaw.com
Ashley L. Shively (SBN 264912)
ashley.shively@hklaw.com
Jacqueline N. Harvey (SBN 322165)
jacqueline.harvey@hklaw.com
50 California Street, Suite 2800
San Francisco, CA 94111
Telephone: 415.743.6900
Facsimile: 415.743.6910

*Attorneys for Defendant in Related Matter
Dignity Health Medical Foundation*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOE, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>META PLATFORMS, INC.<br><br>    Defendants.<br><br>*Related actions:*<br><br>*John Doe v. Meta Platforms, Inc.,*<br>*3:22-cv-03580-WHO*<br><br>*Jane Doe v. Meta Platforms, Inc., et. al.,*<br>*3:22-cv-04293-WHO* | Case No.: 3:22-CV-04680-WHO<br><br>**DEFENDANT IN RELATED MATTER DIGNITY HEALTH MEDICAL FOUNDATION'S RESPONSE TO MOTION TO CONSOLIDATE**<br><br>Date:  Oct. 5, 2022<br>Time:  2:00 p.m.<br>Judge: Hon.  William H. Orrick<br>Action Filed:  Aug. 15, 2022<br><br>**[LEAVE GRANTED IN ECF 34]** |

## I. INTRODUCTION.

Dignity Health Medical Foundation ("DHMF"), a defendant in the related matter *Jane Doe v. Meta Platforms, Inc., et. al.*, Case No. 3:22-cv-04293-WHO ("Jane Doe Action"), hereby responds to Plaintiff Doe's motion to consolidate the present case ("Doe Action") with the Jane Doe Action and *John Doe v. Meta Platforms, Inc.*, Case No. 3:22-cv-03580-WHO ("John Doe Action") (collectively the "Related Actions"). By this response, DHMF does not seek to interfere with the efficiencies of the Court. There are undoubtedly some common questions of law and fact in plaintiffs' allegations against Defendant Meta Platforms, Inc. ("Meta") across the Related Actions.

DHMF, however, is different. DHMF is uniquely situated as one of only two named healthcare defendants across the Related Actions.[1] The Doe and John Doe Actions only seek redress from one defendant: Meta Platforms. As a named Healthcare Provider, the facts, claims and defenses related to DHMF are distinct from those of Meta in the Related Actions. DHMF requests that the Court consider these differences when ruling on the motion to consolidate and setting a briefing schedule to avoid prejudicing DHMF.

For instance, DHMF's website's terms of service contain a mandatory arbitration and class action waiver provisions that it intends to enforce against Plaintiff Jane Doe. To DHMF's knowledge, none of the other agreements alleged in the Related Actions contains a class action waiver or arbitration provision. DHMF requests its forthcoming motion to compel be taken into account by the Court when considering the motion to consolidate and creating any subsequent pleading and motion schedule.

## II. STATEMENT OF PROCEDURAL FACTS.

On June 17, 2022, the John Doe Action was filed. (John Doe Action Dkt. 1.) On July 25, 2022, the Jane Doe Action was filed. (Jane Doe Action Dkt. 1.) On August 15, 2022, this Court related the John Doe and Jane Doe Actions. (John Doe Dkt. 41.) On August 15, 2022, the present Doe Action was filed. (Dkt. 1.) On August 23, 2022, this Court related the Doe Action with the

---

[1] Both DHMF and UCSF Medical Center (collectively "Healthcare Providers") are parties to the Jane Doe Action, along with Meta.

John Doe and Jane Doe Actions. (John Doe Dkt. 45.) To date, the Jane Doe Action is the only one of the Related Actions asserting claims against Healthcare Providers. (*Cf.* Dkt. 1 of Related Actions.)[2]

### III. STATEMENT OF BACKGROUND FACTS.

DHMF is a not-for-profit organization providing award-winning healthcare services in over 130 clinics in California. DHMF maintains a public-facing website found at https://www.dignityhealth.org/dhmf. DHMF's website has terms and conditions each user accepts when using its public website.[3] In these terms and conditions, a user agrees to binding arbitration and to a waiver of any right to proceed in a class format.[4] The My Portal patient portal allegedly used by Plaintiff Jane Doe similarly contains supplemental terms and conditions that each user affirmatively accepts when enrolling to use DHMF's patient portal.[5] In doing so, the user also checks a box to accept the website terms of service, binding arbitration and class action waiver.

### IV. LEGAL ARGUMENT.

Consolidation is proper when actions involve common questions of law and fact. *See* Fed. R. Civ. P. 42(a)(2). A district court has "broad discretion" under this Rule to consolidate cases pending in the same district. *Investors Research Co. v. U.S. Dist. Court for Cent. Dist. of Cal*., 877 F.2d 777, 777 (9th Cir. 1989). "The party seeking consolidation bears the burden of establishing that the judicial economy and convenience benefits of consolidation outweigh any prejudice." *Single Chip Sys. Corp. v. Intermec IP Corp.*, 495 F. Supp. 2d 1052, 1057 (S.D. Cal.

---

[2] On September 8, 2022, Meta filed a motion in the John Doe Action to relate a fourth case, titled *Jane Doe v. Meta Platforms, Inc.*, Case No. 3:22-cv-3580. (John Doe Action Dkt. 59.) That case also names only Meta as a defendant, and thus, the original Jane Doe Action would remain the only action naming Healthcare Providers as defendants if the motion to relate is granted.

[3] http://terms.dignityhealth.org/cm/content.asp?adobe_mc=MCMID=00941665100308823904106180137658790411&pid=4&lid=4&facility_id=2&_ga=2.215190743.1505977983.1602517963-1261203610.1550785861 (last visited Sept. 10, 2022).

[4] The provision reads, in part:
**Binding Arbitration**
Any dispute or claim relating in any way to your access to and use of the Website Services will be resolved by binding arbitration, rather than trial by jury, except that you may make claims in small claims court if your claims qualify and we may bring suit in court to enjoin infringement or other misuse of our intellectual property rights or to protect the privacy rights of another individual.

[5] https://login.dignityhealth.org/#/enrollment-tos (last visited Sept. 10, 2022.)

3

Holland & Knight LLP
50 California Street, Suite 2800
San Francisco, CA 94111
Tel.: 415.743.6900  Fax: 415.743.6910

2007) (citing *Indiana State Dist. Council of Laborers & Hod Carriers Pension Fund v. Gecht*, No. 06-cv-07274-EMC, 2007 WL 902554, at *1 (N.D. Cal. Mar. 22, 2007)).

DHMF does not oppose Plaintiff Doe's motion for consolidation, however, DHMF, does wish to raise for the Court a few issues unique to DHMF that may affect scheduling matters if the motion to consolidate is granted.

The Jane Doe Action is differently positioned because it is the only case to name Healthcare Providers. The Related Actions uniformly allege that the Meta Pixel is used to gather and share information about users' interactions with healthcare websites with Meta, which then uses that information to serve users with third party targeted advertisements. (*See* Doe, ECF 21, Mot. to Consolidate at 6.) But unlike the plaintiffs' claims against Meta, the allegations against DHMF and co-defendant UCSF specifically concern how Plaintiff Jane Doe and others similarly situated allegedly interacted with the Healthcare Providers' websites. (*See, e.g.,* Jane Doe, ECF 1 at ¶¶ 20-22, 63-67, 170, 186, 204, 268, 275-78, 285, 292.) This direct relationship raises unique factual issues and legal claims distinct from plaintiffs' claims against Meta — the only other defendant in the Related Actions. For instance, the Jane Doe Action is the only case to state three separate claims against the Healthcare Providers for alleged violations of California's Confidentiality of Medical Information Act ("CMIA") and breach of an implied contract. Plaintiff Jane Doe thus also seeks distinct statutory relief under the CMIA that is not contemplated by the John Doe and Doe Actions.

The claims against the Healthcare Providers are also factually intensive and distinct. Even assuming Plaintiff Jane Doe is able to prove the Meta Pixel was on the Healthcare Providers' websites, evidence of where, when, and how the product was used will be different for each of the Healthcare Providers. This analysis will not be the same in the John Doe and Doe Actions. To avoid prejudice to DHMF, DHMF requests that the Court consider these important differences if the cases are consolidated.

Moreover, the terms of the underlying contracts between all the Related Action's plaintiffs, Meta, and the Healthcare Providers are also different. For instance, the terms of service on DHMF's website contain an arbitration provision and class waiver that DHMF intends to

enforce when it responds to the controlling complaint, or at another appropriate time as set by the Court. (*See, supra,* fn.4.) DHMF, therefore, requests the Court consider this forthcoming motion to compel arbitration in ruling on the motion to consolidate and setting any schedule for plaintiffs to file a consolidated amended complaint and defendants' various motion challenges.

## V. CONCLUSION.

For the reasons stated above, DHMF requests that this Court consider its status as a Healthcare Provider in the Related Actions as well as DHMF's forthcoming motion to compel arbitration when ruling on the motion to consolidate and setting the briefing schedule.

Dated: September 26, 2022          HOLLAND & KNIGHT LLP

*/s/ Ashley L. Shively*
Mark S. Melodia (*admitted pro hac vice*)
mark.melodia@hklaw.com
Ashley L. Shively
ashley.shively@hklaw.com
Jacqueline N. Harvey
jacqueline.harvey@hklaw.com
50 California Street, Suite 2800
San Francisco, CA 94111
Tel: (415) 743-6900
Fax: (415) 743-6910

*Attorneys for Defendant in Related Matter
Dignity Health Medical Foundation*

# PROOF OF SERVICE

I, Philip Dobbs, declare as follows:

I am employed in the County of San Francisco, State of California; I am over the age of eighteen years and am not a party to this action; my business address is 50 California Street, Suite 2800, San Francisco, California 94111, in said County and State. On September 13, 2022, I served the following document:

- **DEFENDANT IN RELATED MATTER DIGNITY HEALTH MEDICAL FOUNDATION'S RESPONSE TO DOE'S MOTION TO CONSOLIDATE**

On the parties stated below:

| | |
|---|---|
| **GIBSON, DUNN & CRUTCHER LLP**<br>LAUREN R. GOLDMAN (*pro hac vice*)<br>lgoldman@gibsondunn.com<br>200 Park Avenue<br>New York, NY<br>10166<br>Telephone: (212) 351-4000<br>Facsimile: (212) 351-4035<br><br>*Attorneys for Defendant Meta Platforms, Inc. (formerly known as Facebook, Inc.)* | **COOLEY LLP**<br>MICHAEL G. RHODES (SBN 116127)<br>rhodesmg@cooley.com<br>KYLE C. WONG (SBN 224021)<br>kwong@cooley.com<br>CAROLINE A. LEBEL (SBN 340067)<br>clebel@cooley.com<br>3 Embarcadero Center, 20th Floor<br>San Francisco, CA 94111-4004<br>Telephone: (415) 693-2000<br>Facsimile: (415) 693-2222<br><br>*Attorneys for Defendant Meta Platforms, Inc. (formerly known as Facebook, Inc.)* |
| **GIBSON, DUNN & CRUTCHER LLP**<br>ABIGAIL A. BARRERA, SBN 301746<br>abarrera@gibsondunn.com<br>555 Mission Street, Suite 3000<br>San Francisco, CA 94105<br>Telephone: (415) 393-8200<br>Facsimile: (415) 393-8306<br><br>*Attorneys for Defendant Meta Platforms, Inc. (formerly known as Facebook, Inc.)* | **GIBSON, DUNN & CRUTCHER LLP**<br>TRENTON J. VAN OSS (*pro hac vice*)<br>tvanoss@gibsondunn.com<br>1050 Connecticut Avenue, N.W.<br>Washington, DC 20036-5306<br>Telephone: (202) 955-8500<br>Facsimile: (202) 467-0539<br><br>*Attorneys for Defendant Meta Platforms, Inc. (formerly known as Facebook, Inc.)* |
| **COHEN MILSTEIN SELLERS & TOLL PLLC**<br>GEOFFREY GRABER (SBN 211547)<br>1100 New York Ave. NW, Fifth Floor<br>Washington, DC 20005<br>Telephone: (202) 408-4600<br>Facsimile: (202) 408-4699<br>ggraber@cohenmilstein.com | **COHEN MILSTEIN SELLERS & TOLL PLLC**<br>ERIC KAFKA (*pro hac vice* forthcoming)<br>88 Pine Street, 14th Floor<br>New York, NY 10005<br>Telephone: (212) 838-7797<br>Facsimile: (212) 838-7745<br>ekafka@cohenmilstein.com |

| *Attorneys for Plaintiff Doe* (Case No. 3:22-cv-04680) | *Attorneys for Plaintiff Doe* (Case No. 3:22-cv-04680) |
|---|---|
| **BRENT & FIOL, LLP**<br>JOSEPH P. BRENT (SBN 214459)<br>MICHAEL KIPP MUELLER (SBN 299984)<br>117 E. Colorado Blvd, Suite 465<br>Pasadena, CA 91105<br>Telephone: (626) 240-4850<br>Facsimile: (415) 373-4420<br>jbrent@brentfiol.com<br>kmueller@brentfiol.com<br><br>*Attorneys for Plaintiff Doe* (Case No. 3:22-cv-04680) | |

By the following means of service:

☒  **BY ELECTRONIC TRANSFER TO THE CM/ECF SYSTEM**: On this date, I electronically uploaded a true and correct copy in Adobe "pdf" format the above-listed document(s) to the United States District Court's Case Management and Electronic Case Filing (CM/ECF) system. After the electronic filing of a document, service is deemed complete upon receipt of the Notice of Electronic Filing ("NEF") by the registered CM/ECF users.

On the parties stated below:

| **KIESEL LAW LLP**<br>Paul R. Kiesel<br>kiesel@kiesel.law<br>Jeffrey A. Koncius<br>koncius@kiesel.law<br>Nicole Ramirez<br>ramirez@kiesel.law<br>8648 Wilshire Boulevard<br>Beverly Hills, CA 90211-2910<br>Telephone: (310) 854-4444<br>Facsimile: (310) 854-0812<br><br>*Attorneys for Plaintiff John Doe* (Case No. 3:22-cv-03580) | **SIMMONS HANLY CONROY LLC**<br>Jason 'Jay' Barnes<br>jaybarnes@simmonsfirm.com<br>An Truong<br>atruong@simmonsfirm.com<br>Eric Johnson<br>ejohnson@simmonsfirm.com<br>112 Madison Avenue, 7th Floor<br>New York, NY 10016<br>Telephone: (212) 784-6400<br>Facsimile: (212) 213-5949<br><br>*Attorneys for Plaintiff John Doe* (Case No. 3:22-cv-03580) |
|---|---|
| **GORNY DANDURAND, LC**<br>Stephen M. Gorny<br>steve@gornylawfirm.com<br>4330 Belleview Avenue, Suite 200<br>Kansas City, MO 64111<br>Telephone: (816) 756-5071<br>Facsimile: (816) 756-5067 | **THE SIMON LAW FIRM, P.C.**<br>Amy Gunn<br>agunn@simonlawpc.com<br>800 Market St., Ste. 1700<br>St. Louis, MO 63101<br>Telephone: (314) 241-2929<br>Facsimile: (314) 241-2029 |

| | |
|---|---|
| *Attorneys for Plaintiff John Doe* (Case No. 3:22-cv-03580) | *Attorneys for Plaintiff John Doe* (Case No. 3:22-cv-03580) |
| **WAGSTAFFE, VON LOEWENFELDT, BUSCH & RADWICK LLP**<br>James M. Wagstaffe (95535)<br>wagstaffe@wvbrlaw.com<br>Frank Busch (258288)<br>busch@wvbrlaw.com<br>100 Pine Street, Suite 2250<br>San Francisco, CA 94111<br>Telephone: (415) 357-8900<br>Facsimile: (415) 357-8910<br><br>*Attorneys for Plaintiff Jane Doe* (Case No. 3:22-cv-04293) | **LABATON SUCHAROW LLP**<br>Carol C. Villegas<br>cvillegas@labaton.com<br>Michael P. Canty<br>mcanty@labaton.com<br>Melissa H. Nafash<br>mnafash@labaton.com 140 Broadway<br>New York, NY 10005<br>Telephone: (212) 907-0700<br>Facsimile: (212) 818-0477<br><br>*Attorneys for Plaintiff Jane Doe* (Case No. 3:22-cv-04293) |
| **LOWEY DANNENBERG, P.C.**<br>Christian Levis<br>clevis@lowey.com<br>Amanda Fiorilla<br>afiorilla@lowey.com<br>Rachel Kesten<br>44 South Broadway, Suite 1100<br>White Plains, NY 10601<br>Telephone: (914) 997-0500<br>Facsimile: (914) 997-0035<br><br>*Attorneys for Plaintiff Jane Doe* (Case No. 3:22-cv-04293) | |

By the following means of service:

☑ **BY ELECTRONIC SERVICE**: On the above mentioned date, I caused the document to be sent to the persons at the electronic service addresses listed above.

☑ **FEDERAL**: I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 26, 2022

*/s/ Philip Dobbs*
Philip Dobbs

3

PROOF OF SERVICE                                                           CASE NO. 3:22-CV-04680-WHO